IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN,           :
                                 :
          Plaintiff,             :
                                 :    CIVIL NO. 3:CV-12-1638
     v.                          :
                                 :    (Judge Conaboy)
INMATE JHYY CHUBBICK, et         :
al.,                             :
                                 :
          Defendants.            :



FILED
SCRANTON

AUG 2 9 2012

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This <u>pro se</u> civil rights action pursuant to 28 U.S.C. § 1331 was initiated by Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Accompanying the Complaint is an application requesting leave to proceed <u>in forma pauperis</u>. For the reasons set forth below, Brown's action will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

Named as Defendants are USP-Lewisburg Inmate Jhyy Chubbick and the fifteen (15) prison officials. <u>See</u> Doc. 1, ¶ III. Brown generally states that since 2009 officials from the State of Tennesse and the City of Memphis have conspired with USP-Leiwsburg officials to record his telephone conversations, deny him medical care and subject him to inmate assault in an effort

to accomplish his murder. See id. at ¶ IV. Plaintiff adds that on July 22, 2012 he was subjected to assault by his cell mate Inmate Chubbick because of a mistaken belief that he is a sex offender.[1] See id. at ¶ IV(1). As relief, Brown's Complaint seeks compensatory and punitive damages as well as injunctive relief.

## Discussion

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has a history of filing frivolous lawsuits in this district as well as in other courts. For instance, while incarcerated, Brown previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown

---

[1] In the Complaint, Plaintiff describes himself as not being a sex offender but rather a former gang member and a "L.G.B.T. (Lesbian, gay, bisexual transgender)". Id.

v. Shelby County, et al., No. 2:02-2365 (June 19, 2002) (dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)).

Following Plaintiff's transfer to USP-Lewisburg, he filed multiple civil rights actions in this district court which were likewise dismissed under § 1915(g). See Brown v. Kustoff, Civil No. 3:CV-10-200 (M.D. Pa. Jan. 29, 2010)(Conaboy, J.); Brown v. Lappin, 3:CV-09-1732, (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.); Brown v. Bledsoe, et al., Civil No. 3:CV-09-1742, (M.D. Pa. Nov. 17, 2009)(Vanaskie, J.); Brown v. Lappin et al., Civil No. 3:CV-09-1898, (M.D. Pa. Nov. 16, 2009);(Vanaskie, J.); and Brown v. State of Tennessee, et al., Civil No. 3:CV-09-2153, (M.D. Pa. Nov. 16, 2009)(Vanaskie, J.).

The unconstitutional conduct alleged in Brown's latest action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious

physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action primarily centers upon a July 22, 2012 incident during which he was purportedly attacked by his cellmate.[2] Since there is no indication that Plaintiff is still being housed with his alleged assailant, he was not placed at risk of any subsequent serious physical injury. Accordingly, this action will be dismissed under § 1915(g).

Since the dismissal of Brown's action is being entered under § 1915(g) and he is barred from proceeding in forma pauperis, Plaintiff's in forma pauperis application (Doc. 2) will be denied and the Administrative Order recently issued in this matter will be vacated. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 28th, 2012

---

[2] Plaintiff's additional claims that officials from the State of Tennessee, City of Memphis have conspired to commit his murder with USP-Lewisburg officials since 2009 is clearly the result of a delusional scenario created by the prisoner.

4